In re ILE, INC., d/b/a Lighting Showcase, Debtor.

LIGHTING SHOWCASE, INC., a Florida corporation; John H. Hazel III and Gertrude A. Hazel, his wife, Plaintiffs.

v.

ILE, INC., d/b/a Lighting Showcase; Gordon S. Milman and Helene Lynne Milman, Defendants.

Bankruptcy No. 82–02068–BKC–JAG.
Adv. No. 82–1274–BKC–JAG–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 24, 1983.

Joseph Easthope, Faircloth, Easthope & Traver, Fort Lauderdale, Fla., for plaintiffs.

Michael W. Ullman, Ullman & Ullman, P.A., North Miami Beach, Fla., for debtor and defendants Gordon S. Milman and Helene Lynne Milman.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

The trial on the complaint of Lighting Showcase, Inc. and individual plaintiffs for adequate protection or modification of the automatic stay or other relief was commenced on January 25, 1983 and continued on February 14, 1983. On the documentary evidence presented, I expressed my conclusion at trial that the creditor's security interest was not perfected, and no testimony was then given on other aspects of the relief requested.

A note for $91,000 was given by ILE, Inc. to Lighting Showcase (Plaintiff's Exhibit No. 3); the parties entered into a security agreement (Plaintiff's Exhibit No. 2) and a financing statement was duly filed with the Florida secretary of state (Plaintiff's Exhibit No. 7). However, the security agreement is not perfected because the creditor did not pay the documentary stamp tax prior to filing the financing statement, as required by Fla.Stats. § 201.01 and § 201.-08. See Findings of Fact and Conclusions of Law entered September 10, 1982, *Associates Commercial Corporation v. Sel-O-Rak Corporation, In re Sel-O-Rak Corporation,* 26 B.R. 223, on appeal. The reasoning of that case is adopted here.

Plaintiff argues that both a security agreement and a residential mortgage were given for the same indebtedness, that the documentary stamps were affixed to the mortgage (Plaintiff's Exhibit No. 8) instead of the security agreement, and that it was only through inadvertence that the mortgage was not recorded for more than two years after the financing statement was filed. The fact that the tax in this case was apparently eventually paid and that any error in perfection could have been cured by the creditor by the mere filing of another financing statement after the tax had been paid makes this a difficult decision. However, the facts are that the tax was *not* paid prior to filing as required by statute, and, in fact, was not paid for two years. The requirement of payment prior to filing is not in itself arbitrary because it is a very logical necessity for enforcement of the tax. Under the circumstances set forth here, the security agreement was not perfected. As a result, a trustee in bankruptcy takes priority over the creditor (11 U.S.C. § 544) and a debtor-in-possession has the same priority as a trustee (11 U.S.C. § 1107). Because of the lack of priority the plaintiffs cannot be granted any of the relief they request.

Pursuant to B.R. 921(a), a separate Final Judgment is being entered this date.